**IN THE UNITED STATES DISTRICT COURT OF THE**

**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| TAMMY CAREY, individually and on behalf of all others similarly situated,<br>Plaintiffs,<br><br>- against -<br><br>PHOTON HEALTH, INC.,<br><br>Defendant. | ) | No. 1:26-cv-07242 |

**ANSWER OF DEFENDANT PHOTON HEALTH, INC. TO PLAINTIFF'S CLASS ACTION COMPLAINT**

NOW COMES Defendant, PHOTON HEALTH, INC., (hereinafter "PH") by and through its attorneys, CLAUSEN MILLER, P.C., and for its Answer to Plaintiff's Class Action Complaint, states as follows:

**INTRODUCTION**

1. Plaintiff and the proposed Class Members bring this class action lawsuit on behalf of all persons who entrusted Defendant with sensitive Personally Identifiable Information ("PII"[1]) and protected health information ("PHI") (collectively, "Private Information") that was impacted in a data breach that Defendant experienced (the "Data Breach" or the "Breach").

**ANSWER:** Defendant admits that Plaintiff and the proposed Class Members allege that they entrusted Defendant with certain personally identifiable information ("PII") and protected health information ("PHI") that was allegedly impacted by a data breach. Defendant denies any remaining allegations to the extent they characterize the information as improperly compromised or otherwise imply liability on the part of Defendant.

2. Plaintiff's claims arise from Defendant's failure to properly secure and safeguard private Information that was entrusted to it, and its accompanying responsibility to store and transfer that information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 2 of the complaint and refers all questions of law to the Court for determination.

3. Defendant is a New York based healthcare technology company that provides prescription infrastructure and a marketplace that enables clinicians and patients to access real-time medication pricing and manage fulfillment through API and text integrations.

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 3 of the Complaint but denies any liability under said laws.

4. Defendant had numerous statutory, regulatory, contractual, and common law duties and obligations, including those based on its affirmative representations to Plaintiff and Class Members, to keep their Private Information confidential, safe, secure, and protected from unauthorized disclosure or access.

**ANSWER**: Defendant PH denies the truth of the allegations contained in Paragraph 4 of the complaint and refers all questions of law to the Court for determination.

5. Upon information and belief, on or around August 20, 2026, Defendant experienced a Data Breach. Since the Data Breach occurred, the notorious cybercriminal group "DireWolf" has claimed responsibility for the Data Breach.

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 5 of the Complaint but denies any liability under said laws.

6. Upon information and belief, DireWolf exfiltrated substantial amounts of data containing sensitive Private Information from Defendant's IT Network.

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 5 of the Complaint but denies any liability under said laws.

7. Defendant failed to take precautions designed to keep individuals' Private Information secure.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and refers all questions to the Court for determination.

8. Defendant owed Plaintiff and Class Members a duty to take all reasonable and necessary measures to keep the Private Information it collected safe and secure from unauthorized access. Defendant solicited, collected, used, and derived a benefit from the Private Information, yet breached its duty by failing to implement or maintain adequate security practices.

**ANSWER**: Defendant PH denies the truth of the allegations contained in Paragraph 8 of the complaint and refers all questions of law to the Court for determination.

9. The sensitive nature of the data exposed through the Data Breach signifies that Plaintiff and Class Members have suffered irreparable harm. Plaintiff and Class Members have lost the ability to control their private information and are subject to an increased risk of identity theft.

**ANSWER**: Defendant PH denies the truth of the allegations contained in Paragraph 9 of the complaint and refers all questions of law to the Court for determination.

10. Defendant, despite having the financial wherewithal and personnel necessary to prevent the Data Breach, nevertheless failed to use reasonable security procedures and practice appropriate to the nature of the sensitive, unencrypted information it maintained for Plaintiff and Class Members, causing the exposure of Plaintiff's and Class Members' Private Information.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and refers all questions to the Court for determination.

11. As a result of Defendant's inadequate digital security and failed notice process, Plaintiff's and Class Members' Private Information was exposed to criminals. Plaintiff and the Class Members have suffered and/or will suffer injuries including (1) financial losses caused by misuse of their Private Information; (2) the loss or diminished value of their Private Information as a result of the Data Breach; (3) lost time associated with detecting and preventing identity theft; and (4) theft of personal and financial information.

**ANSWER**: Defendant PH denies the truth of the allegations contained in Paragraph 11 of the complaint and refers all questions of law to the Court for determination.

12. Upon information and belief, Plaintiff's Private Information is available on the Dark Web as a result of the Data Breach.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and refers all questions to the Court for determination.

13. Plaintiff brings this action on behalf of all persons whose Private Information was compromised as a result of Defendant's failure to: (i) adequately protect the Private Information of Plaintiff and Class Members; (ii) warn Plaintiff and Class Members of Defendant's inadequate information security practices; (iii) effectively secure hardware containing protected Private Information using reasonable and adequate security procedures free of vulnerabilities and incidents; and (iv) timely notify Plaintiff and Class Members of the Data Breach..

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 13 of the complaint and refers all questions of law to the Court for determination.

14. Plaintiff brings this action individually and on behalf of a Nationwide Class of similarly situated individuals against Defendant for: negligence; negligence *per se*; unjust enrichment, and breach of implied contract.

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 14 of the Complaint but denies any liability under said laws.

15. Plaintiff seeks to remedy these harms and prevent any future data compromise on behalf of herself, and all similarly situated persons whose personal data was compromised and stolen as a result of the Data Breach and who remain at risk due to Defendant's inadequate data security practices.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 15 of the complaint and refers all questions of law to the Court for determination

**PARTIES**

16. Plaintiff is a citizen and resident of Henderson, North Carolina.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant is a corporation organized under the laws of the State of Delaware that maintains its principal place of business in Manhattan County, New York. Defendant's Service of Process on the Secretary of State as Agent is Corporation Service Company located at 80 State Street, Albany, New York, 12207.

**ANSWER**: Defendant admits to the truth of the allegations contained in Paragraph 17 of the complaint.

## JURISDICTION AND VENUE

18. This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. The number of class members is more than 100 and at least one member of the Class is a citizen of a different state that is diverse from Defendant's citizenship, namely Plaintiff is a citizen of North Carolina. Thus, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).

**ANSWER:** Defendant admits to the truth of the allegations contained in Paragraph 18 of the complaint.

19. This Court has personal jurisdiction over Defendant because Defendant is registered to do business and maintains its principal place of business in this District.

**ANSWER:** Defendant admits to the truth of the allegations contained in Paragraph 19 of the complaint.

20. Venue is proper in this Court because Defendant's principal place of business is located in this District, and because a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in this District.

**ANSWER:** Defendant admits to the truth of the allegations contained in Paragraph 20 of the complaint.

## FACTUAL ALLEGATIONS

### A. Background on Defendant

21. Defendant is a New York based healthcare technology company that provides prescription infrastructure and a marketplace that enables clinicians and patients to access real-time medication pricing and manage fulfillment through API and text integrations.

**ANSWER:** Defendant admits to the truth of the allegations contained in Paragraph 21 of the complaint.

22. Plaintiff and Class Members provided their Private Information to Defendant in connection with the services Defendant provides.

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 22 of the Complaint but denies any liability under said laws.

23. Upon information and belief, Defendant made promises and representations to individuals, including Plaintiff and Class Members, that the Private Information collected from them would be kept safe and confidential, and that the privacy of that information would be maintained.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Plaintiff and Class Members provided their Private Information to Defendant with the reasonable expectation and on the mutual understanding that Defendant would comply with its obligations to keep such information confidential and secure from unauthorized access.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Upon information and belief, in the course of collecting Private Information from Plaintiff and Class Members, Defendant promised to provide confidentiality and adequate security for the data it collected from Plaintiff and Class members through its applicable privacy policy and through other disclosures in compliance with statutory privacy requirements.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 25 of the Complaint and refers all questions of law to the Court for determination.

26. As a result of collecting and storing the Private Information of Plaintiff and Class Members for its own financial benefit, Defendant had a continuous duty to adopt and employ reasonable measures to protect Plaintiff's and the Class Members' Private Information from disclosure to third parties.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 26 of the Complaint and refers all questions of law to the Court for determination.

**B. The Data Breach**

27. Upon information and belief, on or around August 20, 2026, Defendant experienced a Data Breach. Since the Data Breach occurred, the notorious cybercriminal group DireWolf has claimed responsibility for the Data Breach.

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 27 of the Complaint but denies any liability under said laws.

28. DireWolf is a financially motivated ransomware group that emerged in May 2025 and targets global industries using double-extortion tactics.

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 28 of the Complaint but denies any liability under said laws.

29. Upon information and belief, DireWolf exfiltrated substantial amounts of data containing sensitive Private Information from Defendant's IT Network.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Defendant failed to take precautions designed to keep individuals' Private Information secure.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 30 of the Complaint and refers all questions of law to the Court for determination.

31. Defendant cannot and has not denied that there was unauthorized access to the sensitive Private Information of Plaintiff and Class Members.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Moreover, Defendant has yet to formally notify impacted individuals, further exacerbating their injuries.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 32 of the Complaint and refers all questions of law to the Court for determination.

33. Individuals affected by the Data Breach are, and remain, at risk that their data will be sold or listed on the dark web and, ultimately, illegally used in the future.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Plaintiff further believes that the Private Information of Class Members was subsequently sold on the dark web following the Data Breach, as that is the modus operandi of cybercriminals that commit cyber-attacks of this type.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

**C. Data Breaches Are Preventable**

35. Defendant could have prevented this Data Breach by, among other things, properly encrypting or otherwise protecting their equipment and computer files containing Private Information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 35 of the Complaint and refers all questions of law to the Court for determination.

36. As explained by the Federal Bureau of Investigation, "[p]revention is the most effective defense against ransomware and it is critical to take precautions for protection.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. To prevent and detect cyber-attacks, Defendant could and should have implemented, as recommended by the United States Government, the following measures:

- Implement an awareness and training program. Because end users are targets, employees and individuals should be aware of the threat of ransomware and how it is delivered.
- Enable strong spam filters to prevent phishing emails from reaching the end users and authenticate inbound email using technologies like Sender Policy Framework (SPF), Domain Message Authentication Reporting and Conformance (DMARC), and DomainKeys Identified Mail (DKIM) to prevent email spoofing.
- Scan all incoming and outgoing emails to detect threats and filter executable files from reaching end users.
- Configure firewalls to block access to known malicious IP addresses.
- Patch operating systems, software, and firmware on devices. Consider using a centralized patch management system.
- Set anti-virus and anti-malware programs to conduct regular scans automatically.
- Manage the use of privileged accounts based on the principle of least privilege: no users should be assigned administrative access unless absolutely needed; and those with a need for administrator accounts should only use them when necessary.
- Configure access controls—including file, directory, and network share permissions—with least privilege in mind. If a user only needs to read specific files, the user should not have write access to those files, directories, or shares.

• Disable macro scripts from office files transmitted via email. Consider using Office Viewer software to open Microsoft Office files transmitted via email instead of full office suite applications.

• Implement Software Restriction Policies (SRP) or other controls to prevent”).programs from executing from common ransomware locations, such as temporary folders supporting popular Internet browsers or compression/decompression programs, including the AppData/LocalAppData folder.

• Consider disabling Remote Desktop protocol (RDP) if it is not being used.

• Use application whitelisting, which only allows systems to execute programs known and permitted by security policy.

• Execute operating system environments or specific programs in a virtualized environment.

• Categorize data based on organizational value and implement physical and logical separation of networks and data for different organizational units.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 37 of the Complaint and refers all questions of law to the Court for determination.

38. To prevent and detect cyber-attacks or ransomware attacks, Defendant could and should have implemented, as recommended by the Microsoft Threat Protection Intelligence Team, the following measures:

**Secure internet-facing assets**

- Apply latest security updates

- Use threat and vulnerability management

- Perform regular audit; remove privileged credentials;

**Thoroughly investigate and remediate alerts**

- Prioritize and treat commodity malware infections as potential full compromise;

**Include IT Pros in security discussions**

- Ensure collaboration among [security operations], [security admins], and [information technology] admins to configure servers and other endpoints securely;

**Build credential hygiene**

- Use [multifactor authentication] or [network level authentication] and use strong, randomized, just-in-time local admin passwords;

**Apply principle of least privilege**.

- Monitor for adversarial activities

- Hunt for brute force attempts

- Monitor for cleanup of Event Logs

- Analyze logon events;

**Harden infrastructure**

- Use Windows Defender Firewall

- Enable tamper protection

- Enable cloud-delivered protection

- Turn on attack surface reduction rules and [Antimalware Scan Interface] for Office [Visual Basic for Applications].

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 38 of the Complaint and refers all questions of law to the Court for determination.

39. Given that Defendant was storing the sensitive Private Information of Plaintiff and Class Members, Defendant could and should have implemented all of the above measures to prevent and detect cyberattacks.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 39 of the Complaint and refers all questions of law to the Court for determination.

40. The occurrence of the Data Breach indicates that Defendant failed to adequately implement one or more of the above measures to prevent cyberattacks, resulting in the Data Breach and the exposure of the Private Information of, upon information and belief, hundreds, and possibly thousands of individuals, including that of Plaintiff and Class Members.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 40 of the Complaint and refers all questions of law to the Court for determination.

**D. Defendant Acquires, Collects, and Stores Plaintiff's and Class Members' Private Information**

41. In connection with the services Defendant provides, Plaintiff and Class Members were required to give their sensitive and confidential Private Information to Defendant.

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 41 of the Complaint but denies any liability under said laws.

42. Defendant retains and stores this information and derives a substantial economic benefit from the Private Information that it collects. But for the collection of Plaintiff's and Class Members' Private Information, Defendant would be unable to provide its services.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 42 of the Complaint and refers all questions of law to the Court for determination.

43. By obtaining, collecting, and storing the Private Information of Plaintiff and Class Members, Defendant assumed legal and equitable duties and knew or should have known that it was responsible for protecting the Private Information from disclosure.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 43 of the Complaint and refers all questions of law to the Court for determination.

44. Plaintiff and Class Members have taken reasonable steps to maintain the confidentiality of their Private Information and relied on Defendant to keep their Private Information confidential and maintained securely, to use this information for business purposes only, and to make only authorized disclosures of this information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 44 of the Complaint and refers all questions of law to the Court for determination.

45. Defendant could have prevented this Data Breach by properly securing and encrypting the files and file servers containing the Private Information of Plaintiff and Class Members.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 45 of the Complaint and refers all questions of law to the Court for determination.

46. Upon information and belief, Defendant made promises to Plaintiff and Class Members to maintain and protect their Private Information, demonstrating an understanding of the importance of securing Private Information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 46 of the Complaint and refers all questions of law to the Court for determination.

47. Defendant's negligence in safeguarding the Private Information of Plaintiff and Class Members is exacerbated by the repeated warnings and alerts directed to protecting and securing sensitive data.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 47 of the Complaint and refers all questions of law to the Court for determination.

**E. The Data Breach Was Foreseeable and the Defendant Was Aware of Its Risk**

48. It is well known that Private Information is an invaluable commodity and a frequent target of hackers.

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 48 of the Complaint but denies any liability under said laws.

49. In 2024, a 3,158 data breaches occurred, exposing approximately 1,350,835,988 sensitive records—a 211% increase year-over-year.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50. Individuals place a high value not only on their Private Information, but also on the privacy of that data. For the individual, identity theft causes “significant negative financial impact on victims” as well as severe distress and other strong emotions and physical reactions.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51. In light of recent high profile data breaches at other industry-leading companies, including, *e.g.*, Microsoft (250 million records, December 2019), Wattpad (268 million records, June 2020), Facebook (267 million users, April 2020), Estee Lauder (440 million records, January 2020), Whisper (900 million records, March 2020), and Advanced Info Service (8.3 billion records, May 2020), Defendant knew or should have known that the Private Information that it collected and maintained would be targeted by cybercriminals.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52. Indeed, cyberattacks have become so notorious that the FBI and U.S. Secret Service have issued a warning to potential targets, so they are aware of and take appropriate measures to prepare for and are able to thwart such an attack.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53. Despite the prevalence of public announcements of data breach and data security compromises, Defendant failed to take appropriate steps to protect the Private Information of Plaintiff and Class Members from being compromised.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 53 of the Complaint and refers all questions of law to the Court for determination.

54. Defendant was, or should have been, fully aware of the unique type and the significant volume of data on Defendant's server(s), and, thus, the significant number of individuals who would be harmed by the exposure of the unencrypted data.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 54 of the Complaint and refers all questions of law to the Court for determination.

55. The injuries to Plaintiff and Class Members were directly and proximately caused by Defendant's failure to implement or maintain adequate data security measures for the Private Information of Plaintiff and Class Members.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 55 of the Complaint and refers all questions of law to the Court for determination.

56. The ramifications of Defendant's failure to keep secure the Private Information of Plaintiff and Class Members are long lasting and severe. Once Private Information is stolen fraudulent use of that information and damage to victims may continue for years.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 56 of the Complaint and refers all questions of law to the Court for determination.

57. As an entity in possession of Plaintiff's and Class Members' Private Information, Defendant knew, or should have known, the importance of safeguarding the Private Information entrusted to it by Plaintiff and Class Members and of the foreseeable consequences if its data security systems were breached. This includes the significant costs imposed on Plaintiff and Class Members because of a breach. Nevertheless, Defendant failed to take adequate cybersecurity measures to prevent the Data Breach.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 57 of the Complaint and refers all questions of law to the Court for determination.

**F. Defendant Fails to Comply with FTC Guidelines**

58. The FTC has promulgated numerous guides for businesses that highlight the importance of implementing reasonable data security practices. According to the FTC, the need for data security should be factored into all business decision-making.

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 58 of the Complaint but denies any liability under said laws.

59. In 2016, the FTC updated its publication, Protecting Personal Information: A Guide for Business, which established cyber-security guidelines for businesses. These guidelines note that businesses should protect the personal customer information that they keep; properly dispose of personal information that is no longer needed; encrypt information stored on computer

networks; understand their network's vulnerabilities; and implement policies to correct any security problems.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60. The guidelines also recommend that businesses use an intrusion detection system to expose a breach as soon as it occurs; monitor all incoming traffic for activity indicating someone is attempting to hack the system; watch for large amounts of data being transmitted from the system; and have a response plan ready in the event of a breach.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61. The FTC further recommends that companies not maintain Private Information longer than is needed for authorization of a transaction; limit access to sensitive data; require complex passwords to be used on networks; use industry-tested methods for security; monitor for suspicious activity on the network; and verify that third-party service providers have implemented reasonable security measures.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

62. The FTC has brought enforcement actions against businesses for failing to adequately and reasonably protect customer data, treating the failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data as an unfair act or practice prohibited by Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45. Orders resulting from these actions further clarify the measures businesses must take to meet their data security obligations.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63. Section 5 of the FTC Act, 15 U.S.C. § 45, prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendant, of failing to use reasonable measures to protect Private Information.

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 63 of the Complaint but denies any liability under said laws.

64. Defendant failed to properly implement basic data security practices.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 64 of the Complaint and refers all questions of law to the Court for determination.

65. Defendant's failure to employ reasonable and appropriate measures to protect against unauthorized access to Plaintiff's and Class Members' Private Information or to comply with applicable industry standards constitutes an unfair act or practice prohibited by Section 5 of the FTC Act, 15 U.S.C. § 45.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 65 of the Complaint and refers all questions of law to the Court for determination.

66. Upon information and belief, Defendant was at all times fully aware of its obligation to protect the Private Information of Plaintiff and Class Members; Defendant was also aware of the significant repercussions that would result from its failure to do so. Accordingly, Defendant's conduct was particularly unreasonable given the nature and amount of Private Information it obtained and stored and the foreseeable consequences of the immense damages that would result to Plaintiff and the Class Members.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 66 of the Complaint and refers all questions of law to the Court for determination.

**G. Defendant Failed to Comply with HIPAA**

67. HIPAA circumscribes security provisions and data privacy responsibilities designed to keep individuals' medical information safe. HIPAA compliance provisions, commonly known as the Administrative Simplification Rules, establish national standards for electronic transactions and code sets to maintain the privacy and security oprotected health information.

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 67 of the Complaint but denies any liability under said laws.

68. HIPAA provides specific privacy rules that require comprehensive administrative, physical, and technical safeguards to ensure the confidentiality, integrity, and security of PHI is properly maintained.

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 68 of the Complaint but denies any liability under said laws.

69. The Data Breach itself resulted from a combination of inadequacies showing Defendant failed to comply with safeguards mandated by HIPAA. Defendant's security failures include, but are not limited to:

a. failing to ensure the confidentiality and integrity of electronic PHI that it creates, receives, maintains and transmits in violation of 45 C.F.R. § 164.306(a)(1);

b. failing to protect against any reasonably-anticipated threats or hazards to the security or integrity of electronic PHI in violation of 45 C.F.R. § 164.306(a)(2);

c. failing to protect against any reasonably anticipated uses or disclosures of electronic PHI that are not permitted under the privacy rules regarding individually identifiable health information in violation of 45 C.F.R. § 164.306(a)(3);

d. failing to ensure compliance with HIPAA security standards by Defendant's workforce in violation of 45 C.F.R. § 164.306(a)(4);

e. failing to implement technical policies and procedures for electronic information systems that maintain electronic PHI to allow access only to those persons or software programs that have been granted access rights in violation of 45 C.F.R. § 164.312(a)(1);

f. failing to implement policies and procedures to prevent, detect, contain and correct security violations in violation of 45 C.F.R. § 164.308(a)(1);

g. failing to identify and respond to suspected or known security incidents and failing to mitigate, to the extent practicable, harmful effects of security incidents that are known to the covered entity in violation of 45 C.F.R. § 164.308(a)(6)(ii);

h. failing to effectively train all staff members on the policies and procedures with respect to PHI as necessary and appropriate for staff members to carry out their functions and to maintain security of PHI in violation of 45 C.F.R. § 164.530(b) and 45 C.F.R. § 164.308(a)(5); and

i. failing to design, implement, and enforce policies and procedures establishing physical and administrative safeguards to reasonably safeguard PHI, in compliance with 45 C.F.R. § 164.530(c).

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 69 of the Complaint and refers all questions of law to the Court for determination.

70. Simply put, the Data Breach resulted from a combination of insufficiencies that demonstrate Defendant failed to comply with safeguards mandated by HIPAA regulations.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 70 of the Complaint and refers all questions of law to the Court for determination.

**H. Defendant Fails to Comply with Industry Standards**

71. As noted above, experts studying cyber security routinely identify companies in possession of Private Information as being particularly vulnerable to cyberattacks because of the value of the Private Information which they collect and maintain.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 71 of the Complaint and refers all questions of law to the Court for determination.

72. Several best practices have been identified that, at a minimum, should be implemented by companies in possession of Private Information, like Defendant, including but not limited to: educating all employees; strong passwords; multi-layer security, including firewalls, anti-virus, and anti-malware software; encryption, making data unreadable without a key; multi-factor authentication; backup data and limiting which employees can access sensitive data. Defendant failed to follow these industry best practices, including a failure to implement multi-factor authentication.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73. Other best cybersecurity practices that are standard include installing appropriate malware detection software; monitoring and limiting the network ports; protecting web browsers and email management systems; setting up network systems such as firewalls, switches and routers; monitoring and protection of physical security systems; protection against any possible communication system; training staff regarding critical points. Defendant failed to follow these cybersecurity best practices, including failure to train staff.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74. Defendant failed to meet the minimum standards of any of the following frameworks: the NIST Cybersecurity Framework Version 2.0 (including without limitation PR.AA-01, PR.AA.-02, PR.AA-03, PR.AA-04, PR.AA-05, PR.AT-01, PR.DS-01, PR-DS-02, PR.DS-10, PR.PS-01, PR.PS-02, PR.PS-05, PR.IR-01, DE.CM-01, DE.CM-03, DE.CM-06, DE.CM-09, and RS.CO-04), and the Center for Internet Security's Critical Security Controls (CIS CSC), which are all established standards in reasonable cybersecurity readiness.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 74 of the Complaint and refers all questions of law to the Court for determination.

75. These foregoing frameworks are existing and applicable industry standards for safeguarding data, and upon information and belief, Defendant failed to comply with at least one––or all—of these accepted standards, thereby opening the door to the threat actor and causing the Data Breach.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 75 of the Complaint and refers all questions of law to the Court for determination.

## I. Defendant Owed Plaintiff and Class members a Duty to Safeguard their Private Information

76. In addition to its obligations under federal and state laws, Defendant owed a duty to Plaintiff and Class Members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the Private Information in its possession from being compromised, lost, stolen, accessed, and misused by unauthorized persons. Defendant owed a duty to Plaintiff and Class Members to provide reasonable security, including consistency with industry standards and requirements, and to ensure that its computer systems, networks, and protocols adequately protected the Private Information of Class Members.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 76 of the Complaint and refers all questions of law to the Court for determination.

77. Defendant owed a duty to Plaintiff and Class Members to create and implement reasonable data security practices and procedures to protect the Private Information in its possession, including adequately training its employees and others who accessed Private Information within its computer systems on how to adequately protect Private Information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 77 of the Complaint and refers all questions of law to the Court for determination.

78. Defendant owed a duty to Plaintiff and Class Members to implement processes that would detect a compromise of Private Information in a timely manner.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 78 of the Complaint and refers all questions of law to the Court for determination.

79. Defendant owed a duty to Plaintiff and Class Members to act upon data security warnings and alerts in a timely fashion.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 79 of the Complaint and refers all questions of law to the Court for determination.

80. Defendant owed a duty to Plaintiff and Class Members to disclose in a timely and accurate manner when and how the Data Breach occurred.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 80 of the Complaint and refers all questions of law to the Court for determination.

81. Defendant owed a duty of care to Plaintiff and Class Members because they were foreseeable and probable victims of any inadequate data security practices.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 81 of the Complaint and refers all questions of law to the Court for determination.

**J. The Harm Caused by the Data Breach Now and Going Forward**

82. Victims of data breaches are susceptible to becoming victims of identity theft. The FTC defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority." 17 C.F.R. § 248.201(9). When "identity thieves have your personal information, they can drain your bank account, run up charges on your credit cards, open new utility accounts, or get medical treatment on your health insurance."

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.

83. The type of data that may have been accessed and compromised here can be used to perpetrate fraud and identity theft.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint.

84. Plaintiff and Class Members face a substantial risk of identity theft given that their Private Information was compromised in the Data Breach.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85. Stolen Private Information is often trafficked on the "dark web," a heavily encrypted part of the Internet that is not accessible via traditional search engines. Law enforcement has difficulty policing the "dark web" due to this encryption, which allows users and criminals to conceal their identities and online activity.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint.

86. When malicious actors infiltrate companies and copy and exfiltrate the Private Information that those companies store, the stolen information often ends up on the dark web where malicious actors buy and sell that information for profit.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint.

87. For example, when the U.S. Department of Justice announced their seizure of AlphaBay—the largest online "dark market"—in 2017, AlphaBay had more than 350,000 listings, many of which concerned stolen or fraudulent documents that could be used to assume another person's identity."17 Marketplaces similar to the now-defunct AlphaBay continue to be "awash with [PII] belonging to victims from countries all over the world.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.

88. PII remains of high value to criminals, as evidenced by the prices they will pay through the dark web. Numerous sources cite dark web pricing for stolen identity credentials. For example, personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200.19 Criminals can also purchase access to entire company data breaches from $900 to $4,500.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89. According to the FBI's Internet Crime Complaint Center (IC3) 2019 Internet Crime Report, Internet-enabled crimes reached their highest number of complaints and dollar losses in 2019, resulting in more than $3.5 billion in losses to individuals and business victims.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint.

90. Further, according to the same report, “rapid reporting can help law enforcement stop fraudulent transactions before a victim loses the money for good.”22 Defendant did not rapidly report to Plaintiff and Class Members that their Private Information had been stolen. Defendant waited almost two months after the Data Breach to notify impacted people.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint.

91. As a result of the Data Breach, the Private Information of Plaintiff and Class Members has been exposed to criminals for misuse. The injuries suffered by Plaintiff and Class Members, or likely to be suffered as a direct result of Defendant’s Data Breach, include: (a) theft of their Private Information; (b) costs associated with the detection and prevention of identity theft; (c) costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the consequences of this Breach; (d) invasion of privacy; (e) the emotional distress, stress, nuisance, and annoyance of responding to, and resulting from, the Data Breach; (f) the actual and/or imminent injury arising from actual and/or potential fraud and identity theft resulting from their personal data being placed in the hands of the ill-intentioned hackers and/or criminals; (g) damage to and diminution in value of their personal data entrusted to Defendant with the mutual understanding that Defendant would safeguard their Private Information against theft and not allow access to and misuse of their personal data by any unauthorized third party; and (h) the continued risk to their Private Information, which remains in the possession of Defendant, and which is subject to further injurious breaches so long as Defendant fails to undertake appropriate and adequate measures to protect Plaintiff’s and Class Members’ Private Information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 91 of the Complaint and refers all questions of law to the Court for determination.

92. In addition to a remedy for economic harm, Plaintiff and Class Members maintain an interest in ensuring that their Private Information is secure, remains secure, and is not subject to further misappropriation and theft.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint.

93. Defendant disregarded the rights of Plaintiff and Class Members by (a) intentionally, willfully, recklessly, or negligently failing to take adequate and reasonable measures to ensure that its network servers were protected against unauthorized intrusions; (b) failing to disclose that it did not have adequately robust security protocols and training practices in place to safeguard Plaintiff's and Class Members' Private Information; (c) failing to take standard and reasonably available steps to prevent the Data Breach; and (d) failing to provide Plaintiff and Class Members prompt and accurate notice of the Data Breach.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 93 of the Complaint and refers all questions of law to the Court for determination.

94. The actual and adverse effects to Plaintiff and Class Members, including the imminent, immediate, and continuing increased risk of harm for identity theft and identity fraud directly or proximately caused by Defendant's wrongful actions and/or inaction and the resulting Data Breach require Plaintiff and Class Members to take affirmative acts to recover their peace of mind and personal security including, without limitation, purchasing credit reporting services, purchasing credit monitoring and/or internet monitoring services, frequently obtaining, purchasing and reviewing credit reports, bank statements, and other similar information, instituting and/or removing credit freezes and/or closing or modifying financial accounts, for which there is a

financial and temporal cost. Plaintiff and other Class Members have suffered, and will continue to suffer, such damages for the foreseeable future.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 94 of the Complaint and refers all questions of law to the Court for determination.

**K. Loss of Time to Mitigate the Risk of Identity Theft and Fraud**

95. As a result of the recognized risk of identity theft, when a data breach occurs and an individual is notified by a company that their Private Information was compromised, as in this Data Breach, the reasonable person is expected to take steps and spend time to address the dangerous situation, learn about the breach, and otherwise mitigate the risk of becoming a victim of identity theft of fraud. Failure to spend time taking steps to review accounts or credit reports could expose the individual to greater financial harm.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 95 of the Complaint and refers all questions of law to the Court for determination.

96. Thus, due to the actual and imminent risk of identity theft, Plaintiff and Class Members must monitor their financial accounts for many years to mitigate the risk of identity theft.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97. Plaintiff and Class Members have spent, and will spend additional time in the future, on a variety of prudent actions, such as changing passwords and resecuring their own computer systems.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint.

98. Plaintiff’s mitigation efforts are consistent with the U.S. Government Accountability Office that released a report in 2007 regarding data breaches (“GAO Report”) in

which it noted that victims of identity theft will face "substantial costs and time to repair the damage to their good name and credit record."

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99. Plaintiff's mitigation efforts are also consistent with the steps the FTC recommends data breach victims take to protect their personal and financial information after a data breach, including: contacting one of the credit bureaus to place a fraud alert (and considering an extended fraud alert that lasts for seven years if someone steals their identity), reviewing their credit reports, contacting companies to remove fraudulent charges from their accounts, placing a credit freeze on their credit, and correcting their credit reports.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint.

100. And for those Class Members who experience actual identity theft and fraud, the United States Government Accountability Office released a report in 2007 regarding data breaches ("GAO Report") in which it noted that victims of identity theft will face "substantial costs and time to repair the damage to their good name and credit record.".

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

**L. Diminution of Value of Private Information**

101. Private Information is valuable property. Its value is axiomatic, considering the value of Big Data in corporate America and that the consequences of cyber thefts include heavy prison sentences. Even this obvious risk-to-reward analysis illustrates, beyond doubt, that Private Information has considerable market value.

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 101 of the Complaint but denies any liability under said laws.

102. The Private Information stolen in the Data Breach is significantly more valuable than the loss of, say, credit card information in a large retailer data breach. Victims affected by those retailer breaches could avoid much of the potential future harm by simply cancelling credit or debit cards and obtaining replacements. The information stolen in the Data Breach is difficult, if not impossible, to change – name and Social Security number.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 102 of the Complaint and refers all questions of law to the Court for determination.

103. This kind of data, as one would expect, demands a much higher price on the dark web. Martin Walter, senior director at cybersecurity firm RedSeal, explained, “Compared to credit card information, personally identifiable information . . . [is] worth more than 10x on the black market.”

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint.

104. Sensitive Private Information can sell for as much as $363 per record according to the Infosec Institute.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

105. An active and robust legitimate marketplace for Private Information also exists. In 2019, the data brokering industry was worth roughly $200 billion.28 In fact, the data marketplace is so sophisticated that consumers can actually sell their non-public information directly to a data broker who in turn aggregates the information and provides it to marketers or app developers.29,30 Consumers who agree to provide their web browsing history to the Nielsen Corporation can receive up to $50 a year.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint.

106. As a result of the Data Breach, Plaintiff's and Class members' Private Information, which has an inherent market value in both legitimate and dark markets, has been damaged and diminished by its compromise and unauthorized release. However, this transfer of value occurred without any consideration paid to Plaintiff or Class Members for their property, resulting in an economic loss. Moreover, the Private Information is now readily available, and the rarity of the data has been lost, thereby causing additional loss of value.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 106 of the Complaint and refers all questions of law to the Court for determination.

107. The fraudulent activity resulting from the Data Breach may not come to light for years.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint.

108. Plaintiff and Class Members now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights. Plaintiff and Class Members are incurring and will continue to incur such damages in addition to any fraudulent use of their Private Information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 108 of the Complaint and refers all questions of law to the Court for determination.

109. Defendant was, or should have been, fully aware of the unique type and the significant volume of data on Defendant's network, amounting to hundreds, and possibly thousands of individuals who would be harmed by the exposure of the unencrypted data.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 109 of the Complaint and refers all questions of law to the Court for determination.

110. The injuries to Plaintiff and Class Members were directly and proximately caused by Defendant's failure to implement or maintain adequate data security measures for the Private Information of Plaintiff and Class Members.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 110 of the Complaint and refers all questions of law to the Court for determination.

**M. The Future Cost of Credit and Identity Theft Monitoring is Reasonable and Necessary**

111. Given the type of targeted attack in this case, the sophisticated criminal activity, the volume of data compromised in this Data Breach, and the sensitive type of Private Information involved in this Data Breach, there is a strong probability that entire batches of stolen information have been placed, or will be placed, on the black market/dark web for sale and purchase by criminals intending to utilize the Private Information for identity theft crimes—e.g., opening bank accounts in the victims' names to make purchases or to launder money; file false tax returns; take out loans or lines of credit; or file false unemployment claims.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 111 of the Complaint and refers all questions of law to the Court for determination.

112. Such fraud may go undetected until debt collection calls commence months, or even years, later. An individual may not know that his or her Private Information was used to file for unemployment benefits until law enforcement notifies the individual's employer of the suspected fraud. Fraudulent tax returns are typically discovered only when an individual's authentic tax return is rejected.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint.

113. Consequently, Plaintiff and Class Members are at an increased risk of fraud and identity theft for many years into the future.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 113 of the Complaint and refers all questions of law to the Court for determination.

114. The retail cost of credit monitoring and identity theft monitoring can cost around $200 a year per Class Member. This is a reasonable and necessary cost to monitor and protect Class Members from the risk of identity theft resulting from Defendant's Data Breach. This is a future cost for a minimum of five years that Plaintiff and Class Members would not need to bear, but for Defendant's failure to safeguard their Private Information.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint.

**N. Loss of the Benefit of the Bargain**

115. Furthermore, Defendant's poor data security deprived Plaintiff and Class Members of the benefit of their bargain. When agreeing to provide their Private Information, Plaintiff and other reasonable Class Members understood and expected that they were, in part, exchanging their Private Information for Defendant's services and necessary data security to protect the Private Information when, in fact, Defendant did not provide the expected data security. Accordingly, Plaintiff and Class Members received services that were of a lesser value than what they reasonably expected to receive under the bargains they struck with Defendant.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 115 of the Complaint and refers all questions of law to the Court for determination.

***Plaintiff's Experience***

116. Defendant is a former employee of Defendant.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Complaint.

117. At all times relevant, Defendant maintained Plaintiff's Private Information on its systems.

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 117 of the Complaint but denies any liability under said laws.

118. As a condition of obtaining services from Defendant, Plaintiff was required to provide Defendant with her Private Information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 118 of the Complaint and refers all questions of law to the Court for determination.

119. Defendant was in possession of Plaintiff's Private Information before, during and after the Data Breach.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 119 of the Complaint and refers all questions of law to the Court for determination.

120. Plaintiff reasonably understood and expected that Defendant would safeguard her Private Information and timely and adequately notify her in the event of a data breach. Plaintiff would not have allowed Defendant, or anyone in Defendant's position, to maintain her Private Information if he believed that Defendant would fail to implement reasonable and industry standard practices to safeguard that information from unauthorized access.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint.

121. Plaintiff greatly values her privacy and Private Information and takes reasonable steps to maintain the confidentiality of her Private Information. Plaintiff is very concerned about identity theft and fraud, as well as the consequences of such identity theft and fraud that she is at an increased risk of experiencing, as a result of the Data Breach.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint.

122. Plaintiff stores any and all documents containing Private Information in a secure location and destroys any documents she receives in the mail that contain any Private Information or that may contain any information that could otherwise be used to compromise her identity and credit card accounts. Moreover, she diligently chooses unique usernames and passwords for her various online accounts.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Complaint.

123. As a result of the Data Breach, Plaintiff has spent several hours researching the Data Breach, reviewing her bank accounts, monitoring her credit report, changing her passwords and other necessary mitigation efforts. This is valuable time that Plaintiff spent at Defendant's direction and that he otherwise would have spent on other activities, including but not limited to work and/or recreation.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint.

124. The Data Breach has caused Plaintiff to suffer fear, anxiety, and stress, which has been compounded by the fact that Defendant failed to provide any notice about the Data Breach.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 124 of the Complaint and refers all questions of law to the Court for determination.

125. Plaintiff anticipates spending considerable time and money on an ongoing basis to try to mitigate and address harms caused by the Data Breach. In addition, Plaintiff will continue to be at present and continued increased risk of identity theft and fraud for years to come.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint.

126. Plaintiff has a continuing interest in ensuring that her Private Information, which upon information and belief, remains in Defendant's possession, is protected and safeguarded from future breaches.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint.

127. As a direct and traceable result of the Data Breach, Plaintiff suffered actual injury and damages after her Private Information was compromised and stolen in the Data Breach, including, but not limited to: (a) lost time and money related to monitoring her accounts and creditreports for fraudulent activity; (b) loss of privacy due to her Private Information being accessed and stolen by cybercriminals; (c) loss of the benefit of the bargain because Defendant did not adequately protect her Private Information; (d) emotional distress because identity thieves now possess her Private Information; (e) imminent and impending injury arising from the increased risk of fraud and identity theft now that her Private Information has been stolen and likely published on the dark web; (f) diminution in the value of her Private Information, a form of intangible property that Defendant obtained from Plaintiff and (g) other economic and non-economic harm.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 127of the Complaint and refers all questions of law to the Court for determination.

## CLASS ACTION ALLEGATIONS

128. Plaintiff brings this class action, individually and on behalf of class defined as:

**Nationwide Class**: All individuals residing in the United States whose Private Information was impacted in Defendant's Data Breach (the "Class").

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 128 of the Complaint but denies any liability under said laws.

129. Specifically excluded from the Class are Defendant, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, principals, servants, partners, joint venturers, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or its officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 129 of the Complaint but denies any liability under said laws.

130. Plaintiff reserves the right to amend the Class definition above if further investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into subclasses, or otherwise modified in any way.

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 130 of the Complaint but denies any liability under said laws.

131. This action may be certified as a class action because it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements therein.

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 131 of the Complaint but denies any liability under said laws.

132. Numerosity: The Class is so numerous that joinder of all Class Members is impracticable. Although the precise number of such persons is unknown, and the facts are presently within the sole knowledge of Defendant, upon information and belief, Plaintiff estimates that the Class is comprised of hundreds, and possibly thousands of Class Members, if not more. The Class is sufficiently numerous to warrant certification

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 132 of the Complaint but denies any liability under said laws.

133. Typicality of Claims: Plaintiff's claims are typical of those of other Class Members because Plaintiff, like the unnamed Class, had her Private Information compromised as a result of the Data Breach. Plaintiff is a member of the Class, and her claims are typical of the claims of the members of the Class. The harm suffered by Plaintiff is similar to that suffered by all other Class Members which was caused by the same misconduct by Defendant.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint.

134. Adequacy of Representation: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests antagonistic to, nor in conflict with, the Class. Plaintiff has retained competent counsel who are experienced in consumer and commercial class action litigation and who will prosecute this action vigorously.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint.

135. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the monetary damages suffered by individual Class Members are relatively small, the expense and burden of individual litigation make it

impossible for individual Class Members to seek redress for the wrongful conduct asserted herein. If Class treatment of these claims is not available, Defendant will likely continue its wrongful conduct, will unjustly retain improperly obtained revenues, or will otherwise escape liability for its wrongdoing as asserted herein.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 135 of the Complaint and refers all questions of law to the Court for determination.

136. Predominant Common Questions: The claims of all Class Members present common questions of law or fact, which predominate over any questions affecting only individual Class Members, including:

a. Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

b. Whether Defendant's data security systems prior to and during the Data Breach complied with applicable data security laws and regulations;

c. Whether Defendant's storage of Plaintiff's and Class Member's Private Information was done in a negligent manner;

d. Whether Defendant had a duty to protect and safeguard Plaintiff's and Class Members' Private Information;

e. Whether Defendant's conduct was negligent;

f. Whether Defendant's conduct violated Plaintiff's and Class Members' privacy;

g. Whether Defendant took sufficient steps to individuals' Private Information;

h. Whether Defendant was unjustly enriched;

i. The nature of relief, including damages and equitable relief, to which Plaintiff and Class Members are entitled; and

j. Whether adherence to FTC and HIPAA data security recommendations, and measures recommended by data security experts would have reasonably prevented the Data Breach.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Complaint.

137. Information concerning Defendant's policies is available from Defendant's records.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint.

138. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Complaint.

139. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications and establish incompatible standards of conduct for Defendant.

**ANSWER:** Defendant PH admits the truth of the allegations contained in Paragraph 139 of the Complaint but denies any liability under said laws.

140. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

**ANSWER:** Defendant PH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the Complaint.

141. Given that Defendant has not indicated any changes to its conduct or security measures, monetary damages are insufficient and there is no complete and adequate remedy at law.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 141 of the Complaint and refers all questions of law to the Court for determination.

**CAUSES OF ACTION**
**COUNT I NEGLIGENCE**
**(On Behalf of Plaintiff and the Class)**

142. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 141, as though fully set forth herein.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 142 of the Complaint and refers all questions of law to the Court for determination.

143. Defendant knowingly collected, came into possession of, and maintained Plaintiff's and Class Members' Private Information, and had a duty to exercise reasonable care in safeguarding, securing, and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 143 of the Complaint and refers all questions of law to the Court for determination.

144. Defendant had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff's and Class Members' Private Information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 144 of the Complaint and refers all questions of law to the Court for determination.

145. Defendant had, and continues to have, a duty to timely disclose that Plaintiff's and Class Members' Private Information within its possession was compromised and precisely the types of information that were compromised.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 145 of the Complaint and refers all questions of law to the Court for determination.

146. Defendant owed a duty of care to Plaintiff and Class Members to provide data security consistent with industry standards, applicable standards of care from statutory authority like Section 5 of the FTC Act, HIPAA, and other requirements discussed herein, and to ensure that

its systems and networks, and the personnel responsible for them, adequately protected individuals' Private Information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 146 of the Complaint and refers all questions of law to the Court for determination.

147. Defendant's duty of care to use reasonable security measures arose as a result of the special relationship that existed between Defendant and Plaintiff and Class members. Defendant was in a position to ensure that its systems were sufficient to protect against the foreseeable risk of harm to Plaintiff and Class Members from a data breach.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 147 of the Complaint and refers all questions of law to the Court for determination.

148. Defendant's duty to use reasonable care in protecting confidential data arose not only as a result of the statutes and regulations described above, but also because Defendant is bound by industry standards to protect confidential Private Information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 148 of the Complaint and refers all questions of law to the Court for determination.

149. Defendant breached these duties by failing to exercise reasonable care in safeguarding and protecting Plaintiff's and Class Members' Private Information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 149 of the Complaint and refers all questions of law to the Court for determination.

150. The specific negligent acts and omissions committed by Defendant include, but are not limited to, the following:

a. Failing to adopt, implement, and maintain adequate security measures to safeguard Plaintiff's and Class Members' Private Information;

b. Failing to adequately monitor the security of its networks and systems; and

c. Failing to periodically ensure that its computer systems and networks had plans in place to maintain reasonable data security safeguards.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 150 of the Complaint and refers all questions of law to the Court for determination.

151. Defendant, through its actions and/or omissions, unlawfully breached its duties to Plaintiff and Class Members by failing to exercise reasonable care in protecting and safeguarding Plaintiff's and Class Members' Private Information within Defendant's possession.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 151 of the Complaint and refers all questions of law to the Court for determination.

152. Defendant, through its actions and/or omissions, unlawfully breached its duties to Plaintiff and Class Members by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiff's and Class Members' Private Information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 152 of the Complaint and refers all questions of law to the Court for determination.

153. Defendant, through its actions and/or omissions, unlawfully breached its duty to timely disclose to Plaintiff and Class Members that the Private Information within Defendant's possession might have been compromised and precisely the type of information compromised.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 153 of the Complaint and refers all questions of law to the Court for determination.

154. Defendant breached the duties set forth in 15 U.S.C. § 45, the FTC guidelines, HIPAA, the National Institute of Standards and Technology's Framework for Improving Critical Infrastructure Cybersecurity, and other industry guidelines. In violation of 15 U.S.C. § 45, Defendant failed to implement proper data security procedures to adequately and reasonably protect Plaintiff's and Class Members' Private Information. In violation of the FTC guidelines,

inter alia, Defendant did not protect the Private Information it keeps; failed to properly dispose of personal information that was no longer needed; failed to encrypt information stored on computer networks; lacked the requisite understanding of its networks' vulnerabilities; and failed to implement policies to correct security issues.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 154 of the Complaint and refers all questions of law to the Court for determination.

155. Plaintiff and Class members were foreseeable victims of Defendant's violations of the FTC Act, HIPAA, and state data security and consumer protection statutes. Defendant knew or should have known that its failure to implement reasonable data security measures to protect and safeguard the Private Information Plaintiff and Class members indirectly provided to Defendant would cause damage to Plaintiff and the Class.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 155 of the Complaint and refers all questions of law to the Court for determination.

156. It was foreseeable that the failure to adequately safeguard Plaintiff's and Class Members' Private Information would result in injuries to Plaintiff and Class Members.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 156 of the Complaint and refers all questions of law to the Court for determination.

157. Defendant's breach of duties owed to Plaintiff and Class Members caused Plaintiff's and Class Members' Private Information to be compromised.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 157 of the Complaint and refers all questions of law to the Court for determination.

158. But for Defendant's negligent conduct and breach of the above-described duties owed to Plaintiff and Class Members, their Private Information would not have been compromised.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 158 of the Complaint and refers all questions of law to the Court for determination.

159. As a result of Defendant's negligence and breach of duties, Plaintiff and Class Members are in danger of imminent harm in that their Private Information, which is still in the possession of third parties, will be used for fraudulent purposes, and Plaintiff and Class Members have and will suffer damages including: a substantial increase in the likelihood of identity theft; the compromise, publication, and theft of their personal information; loss of time and costs associated with the prevention, detection, and recovery from unauthorized use of their personal information; the continued risk to their personal information; future costs in terms of time, effort, and money that will be required to prevent, detect, and repair the impact of the personal information compromised as a result of the Data Breach.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 159 of the Complaint and refers all questions of law to the Court for determination.

**COUNT II**
**NEGLIGENCE PER SE**
**(On Behalf of Plaintiff and the Class)**

160. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 141, as though fully set forth herein.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 160 of the Complaint and refers all questions of law to the Court for determination.

161. Defendant owed a duty of care to Plaintiff and Class members to provide data security consistent with industry standards and other requirements discussed herein, and to ensure that its systems and networks, and the personnel responsible for them, adequately protected the Private Information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 161 of the Complaint and refers all questions of law to the Court for determination.

162. Defendant had duties arising under the FTC Act to protect the Private Information Plaintiff and Class members indirectly provided to Defendant.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 162 of the Complaint and refers all questions of law to the Court for determination.

163. Defendant had duties arising under HIPAA to protect the Private Information Plaintiff and Class members indirectly provided to Defendant.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 163 of the Complaint and refers all questions of law to the Court for determination.

164. Defendant's violations of Section 5 of the FTC Act, HIPAA, and similar state statutes constitute negligence *per se.*

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 164 of the Complaint and refers all questions of law to the Court for determination.

165. Plaintiff and Class members are within the class of persons that these statutes were intended to protect and the harm that has occurred is the type of harm these statutes were intended to guard against.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 165 of the Complaint and refers all questions of law to the Court for determination.

166. In addition, under state data security and consumer protection statutes such as those outlined herein, Defendant had a duty to implement and maintain reasonable security procedures and practices to safeguard Plaintiff's and Class members' Private Information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 166 of the Complaint and refers all questions of law to the Court for determination.

167. As a result of Defendant's negligence per se, Plaintiff and Class Members have been harmed and have suffered damages including, but not limited to: damages arising from identity theft and fraud; out-of-pocket expenses associated with procuring identity protection and restoration services; increased risk of future identity theft and fraud, and the costs associated therewith; and time spent monitoring, addressing, and correcting the current and future consequences of the Data Breach.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 167 of the Complaint and refers all questions of law to the Court for determination.

**COUNT III**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Class)**

168. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 141, as though fully set forth herein.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 168 of the Complaint and refers all questions of law to the Court for determination.

169. Plaintiff and Class Members conferred a benefit upon Defendant by providing Defendant with their Private Information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 169 of the Complaint and refers all questions of law to the Court for determination.

170. Defendant appreciated or had knowledge of the benefits conferred upon itself by Plaintiff. Defendant also benefited from the receipt of Plaintiff's and Class Members' Private Information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 170 of the Complaint and refers all questions of law to the Court for determination.

171. Under principles of equity and good conscience, Defendant should not be permitted to retain the full value of Plaintiff's and the Class Members' Private Information because Defendant failed to adequately protect their Private Information. Plaintiff and the proposed Class would not have provided their Private Information to Defendant had they known Defendant would not adequately protect their Private Information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 171 of the Complaint and refers all questions of law to the Court for determination.

172. Defendant should be compelled to disgorge into a common fund for the benefit of Plaintiff and Class Members all unlawful or inequitable proceeds received by it because of its misconduct and the Data Breach it caused.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 172 of the Complaint and refers all questions of law to the Court for determination.

**COUNT IV**
**BREACH OF IMPLIED CONTRACT**
**(On Behalf of Plaintiff and the Class)**

173. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 141, as though fully set forth herein.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 173 of the Complaint and refers all questions of law to the Court for determination.

174. Plaintiff and the Class provided and entrusted their Private Information to Defendant. Plaintiff and the Class provided their Private Information to Defendant as part of Defendant's regular business practice.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 174 of the Complaint and refers all questions of law to the Court for determination.

175. In so doing, Plaintiff and the Class entered into implied contracts with Defendant by which Defendant agreed to safeguard and protect such information, to keep such information secure and confidential, and to timely and accurately notify Plaintiff and the Class if their data had been breached and compromised or stolen, in return for seeking employment and/or services from Defendant. Implied in these exchanges was a promise by Defendant to ensure that the Private Information of Plaintiff and Class Members in its possession was secure.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 175 of the Complaint and refers all questions of law to the Court for determination.

176. Pursuant to these implied contracts, Plaintiff and Class Members provided Defendant with their Private Information. In exchange, Defendant agreed to, among other things, and Plaintiff and the Class understood that Defendant would: (1) provide employment and/or services to Plaintiff and Class Members'; (2) take reasonable measures to protect the security and confidentiality of Plaintiff's and Class Members' Private Information; and (3) protect Plaintiff's and Class Members' Private Information in compliance with federal and state laws and regulations and industry standards and in accordance with Defendant's own internal privacy policy.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 176 of the Complaint and refers all questions of law to the Court for determination.

177. Implied in these exchanges was a promise by Defendant to ensure the Private Information of Plaintiff and Class Members in its possession was only used to provide the agreed-upon reasons, and that Defendant would take adequate measures to protect Plaintiff and Class Members' Private Information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 177 of the Complaint and refers all questions of law to the Court for determination.

178. A material term of this contract is a covenant by Defendant that it would take reasonable efforts to safeguard that information. Defendant breached this covenant by allowing Plaintiff and Class Members' Private Information to be accessed in the Data Breach.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 178 of the Complaint and refers all questions of law to the Court for determination.

179. Indeed, implicit in the agreement between Defendant and Plaintiff and Class Members was the obligation that both parties would maintain information confidentially and securely.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 179 of the Complaint and refers all questions of law to the Court for determination.

180. These exchanges constituted an agreement and meeting of the minds between the parties.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 180 of the Complaint and refers all questions of law to the Court for determination.

181. When the parties entered into an agreement, mutual assent occurred. Plaintiff and Class Members would not have disclosed their Private Information to Defendant but for the prospect of seeking employment and/or business services from Defendant. Conversely, Defendant presumably would not have taken Plaintiff and Class Members' Private Information if it did not intend to provide services to Plaintiff and Class Members.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 181 of the Complaint and refers all questions of law to the Court for determination.

182. Defendant was therefore required to reasonably safeguard and protect the Private Information of Plaintiff and Class Members from unauthorized disclosure and use.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 182 of the Complaint and refers all questions of law to the Court for determination.

183. Plaintiff and Class Members would not have entrusted their Private Information to Defendant in the absence of their implied contracts with Defendant and would have instead retained the opportunity to control their Private Information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 183 of the Complaint and refers all questions of law to the Court for determination.

184. Defendant breached the implied contracts with Plaintiff and Class Members by failing to reasonably safeguard and protect Plaintiff and Class Members' Private Information.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 184 of the Complaint and refers all questions of law to the Court for determination.

185. Defendant's failure to implement adequate measures to protect the Private Information of Plaintiff and Class Members violated the purpose of the agreement between the parties.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 185 of the Complaint and refers all questions of law to the Court for determination.

186. As a proximate and direct result of Defendant's breaches of its implied contracts with Plaintiff and Class Members, Plaintiff and the Class Members suffered damages as described in detail above.

**ANSWER:** Defendant PH denies the truth of the allegations contained in Paragraph 186 of the Complaint and refers all questions of law to the Court for determination.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**
**Failure to State a Cause of Action**

The Complaint fails to state a cause of action upon which relief may be granted against Defendant Photon Health ("PH"), including because Plaintiff has failed to allege facts establishing a cognizable injury or damages proximately caused by any act or omission of PH.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**
**Acts or Omissions of Nonparties**

Upon information and belief, any alleged injuries or damages sustained by Plaintiff and/or the putative Class Members were caused, in whole or in part, by the acts, omissions, negligence, recklessness, or other culpable conduct of nonparties, including, but not limited to, Metabase. To the extent Defendant PH is found liable for any alleged injuries or damages, PH is entitled to an apportionment of liability among all responsible parties and nonparties in accordance with their respective degrees of fault, as permitted by applicable law.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**
**Comparative Negligence**

Any alleged injuries or damages sustained by Plaintiff and/or the putative Class Members were caused or contributed to, in whole or in part, by their own culpable conduct, negligence, or failure to exercise reasonable care. Plaintiff failed to safeguard her own allegedly breached personal data. Accordingly, any recovery by Plaintiff and/or the putative Class Members must be barred or reduced in proportion to their respective degrees of fault, as permitted by applicable law.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**
**Lack of Proximate Causation**

Any alleged injuries, losses, or damages sustained by Plaintiff and/or the putative Class Members were not proximately caused by any act or omission of PH. PH denies that its conduct caused or contributed to the Data Breach or any resulting injuries or damages alleged in the Complaint.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**
**Intervening and Superseding Cause**

Upon information and belief, the acts and/or omissions of Metabase and/or other third parties were independent, intervening, and/or superseding causes of the alleged Data Breach and any resulting injuries or damages. Accordingly, Defendant PH cannot be held liable for injuries or damages proximately caused by the conduct of such third parties, to the extent permitted by applicable law.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**
**Failure to Mitigate Damages**

Plaintiff and/or the putative Class Members failed to take reasonable steps to mitigate their alleged injuries and damages, if any. Accordingly, any recovery must be reduced to the extent that such alleged injuries or damages could have been avoided or mitigated through the exercise of reasonable care.

**WHEREFORE**, Defendant, PHOTON HEALTH INC., denies that Plaintiff is entitled to a judgment against it in any sum whatsoever and prays for judgment in its favor, and against Plaintiff for costs so wrongfully sustained.

Dated: New York, New York
November 13, 2026

Respectfully submitted,

**CLAUSEN MILLER, P.C.**

By: Mara Goltsman

Mara Goltsman, Esq.
*Attorneys for Defendant*
PHOTON HEALTH, INC.
28 Liberty Street, 39th Floor
New York, New York 10005
(212) 805-3900
mgoltsman@clausen.com

**CERTIFICATE OF SERVICE**

I certify that on the 13th day of November 2026, I caused a true and correct copy of the foregoing Answer to be served via email and U.S. Mail postage prepaid, on the following:

**Leanna Alexis Loginov Esq.**
Shamis & Gentile, P.A.
14 NE 1st Avenue
Suite 705
Miami, FL 33132
917-628-5842
lloginov@shamisgentile.com

**Mark Svensson Esq.**
Milberg, PLLC
405 East 50th Street
New York, NY 10022
202-975-0468
msvensson@milberg.com

Mara Gottsman